UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

CIVIL ACTION NO. 10-14-DCR

TRANSAMERICA LIFE INS. CO.,                                          PLAINTIFF,

V.

**OPINION AND ORDER**

MOORE et. al.,                                                             DEFENDANT.

This matter is before the undersigned on Plaintiff Transamerica Life Insurance Company's motion for entry of a protective order [R. 16]. Defendants Nancy Moore and Archie Moore have filed a response to said motion [R. 18] and Plaintiff has filed a reply to Defendants' response [R. 21]. Having been briefed, this matter is ripe for consideration.

**I. BACKGROUND**

In April 2010, Plaintiff Transamerica Life Insurance Company ("Transamerica") filed a declaratory judgment action to resolve an ongoing dispute between it and Defendants Nancy and Archie Moore (the "Moores") over Transamerica's obligation to pay certain claims under a benefit policy purchased by the Moores [R. 1]. Defendants filed an answer and a counterclaim [R. 9]. The controversy centers around the meaning of the "actual charges" incurred for medical services by Ms. Moore for her cancer treatments, the "proof of loss" required pursuant to the policy in question, and other issues related to the billing and payment practices of claims [R. 1; 9].

Pursuant to the applicable discovery rules, Transamerica filed a motion for the entry of a Protective Order [R. 16]. In its motion, Plaintiff alleged that the purpose in obtaining a protective order is to facilitate discovery; shield from disclosure sensitive business information, proprietary

information, trade secrets and other confidential information; and protect information which may fall under the Health Insurance Portability and Accountability Act and privacy rights of the parties and certain non-parties from disclosure outside of this litigation [R. 16]. Expected document production in the litigation will consist of medical records, claims procedures, reports from proprietary computer programs, provider agreements, and other confidential information [R. 16].

Defendants filed a timely response to Plaintiff's motion [R. 18] opposing the issuance of the proposed order. In their response, Defendants alleged that "even if those are relevant and discoverable, HIPAA does not require this Court to enter the proposed Protective Order to enable Plaintiff to obtain medical records and billing information." [R. 18, p. 2-3]. Next, Defendants argued that Plaintiff failed to make a showing of good cause as required by Rule 26(c) and that the potential harm of divulging any information Plaintiff seeks to protect should be balanced against the public's need for information [R. 18, p. 4].[1] Defendants also claimed that Plaintiff's proposed definition of 'Confidential Material' in the protective order is overly broad [R. 18, p. 5] and that the order proposed by Plaintiff unjustly shifts the burden of proof in regards to confidentiality [R. 18, p. 7].[2] The final arguments proposed by Defendants suggest that Plaintiff's success of obtaining protective orders in similar suits are an improper "obfuscation of documents" [R. 18, p. 7] and irrelevant to the present litigation [R. 18, p. 9].

On January 7, 2011, Plaintiff produced an adequate fourteen (14) page reply [R. 21]. The memorandum in its support reiterated the reasons initially set forth in support of its proposed order, effectively rebutting Defendants' contentions [R. 21].

---

[1] Unfortunately, Defendants do not articulate *why* the public may need access to the proprietary and confidential information Plaintiff seeks to protect.

[2] Because Plaintiff presents a sufficient explanation addressing the errors of Defendants' argument [R. 21, p. 10], no further discussion is warranted.

## II. DISCUSSION

### 1. The Legal Standard

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the court has authority to limit the parties' right to discovery by issuing a protective order. Fed. R. Civ. P. 26(c). For years, protective orders "have been used so frequently that a degree of standardization is appearing." Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F.Supp. 866, 889 (E.D. Pa. 1981). Analysis under Rule 26(c) requires the following inquiry: "[1] is the matter sought to be protected 'a trade secret or other confidential research, development, or commercial information' which should be protected? [2] would disclosure of such information cause a cognizable harm sufficient to warrant a protective order? [3] has the party seeking protection shown 'good cause'. . . ?". Id.

Although the 'good cause' requirement dictates that a movant demonstrate that disclosure will cause a "clearly defined and serious injury," umbrella protective orders may also be appropriate. Pansy v. Borough of Stroudsburg, 23 F3d 772, 786 - 87 (3d Cir. 1994). Additionally, "[b]lanket protective orders routinely are approved by courts in civil cases[.]" Gillard v. Boulder Valley Sch. Dist., 196 F.R.D. 382, 386 (D. Colo. 2000). As such, a showing of good cause "may be done on a generalized as opposed to a document-by-document basis." Foley v. Signator Investors, Inc., 2003 WL 22844110, at 1* (D. Kan. 2003).

Moreover, the district court has broad discretion in fashioning protective orders. Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1548 (11th Cir. 1985); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). Some courts, for instance, have held that the privacy interest asserted in support of the protective order must be balanced against "the public's right to obtain information concerning judicial proceedings." Pansy, 23 F.3d at 786. The fact that the litigation involves the interests of private litigants and "little legitimate public interest" may weigh in favor of granting an order. Id.

Finally, Section 164.512(e) of the Health Insurance Portability and Accountability Act is commonly understood "to create a procedure for obtaining authority to use medical records in litigation." Nw. Mem'l Hosp. v. Ashcroft, 362 F.3d 923, 926 (7th Cir. 2004); 45 C.F.R. § 164.512(e). In short, any covered entity is authorized "to disclose private health information in judicial or administrative proceedings," including in response to a subpoena or discovery request. Ashcroft, 362 F.3d at 925 (quoting 45 C.F.R. § 164.512(e)(1)(ii))); see also In re Barrett, 487 F.3d 353, 363 (6th Cir. 2007) (acknowledging that proposition). Further, a covered entity may disclose such material "if the party seeking the information either notifies the patient (or at least makes a good faith effort to do so) or makes a 'reasonable effort' to secure a qualified protective order, that is, an order that prohibits the use or disclosure of the information outside the litigation and requires the return or destruction of the information at the end of the litigation." Ashcroft, 362 F.3d at 925-26 (citing 45 C.F.R. § 164.512 (e)(1)(v)). As such, the above discussed provisions "set forth a procedure for disclosure of medical records in litigation." Id.

### 2. Analysis

Plaintiff Transamerica urges the court to enter a HIPAA qualified protective order to permit third party medical providers to respond to discovery requests and produce materials. Defendants' objection to the issuance of a protective order to shield from mass disclosure information subject to HIPAA pertaining to Ms. Moore's cancer treatment is odd and unfounded. First, it is the procedure set forth by the HIPAA regulations discussed in the preceding section. Second, the information is obviously highly confidential. As stated, such an order would only facilitate discovery and enable a third party to provide relevant medical and billing materials, ensuring that the information they provide is kept confidential. Additionally, not only did Mr. and Ms. Moore fail to articulate the harm resulting from the issuance of such an order, but none is evident to this court.

Thus, Defendants' objections to the proposed protective order lack any basis and must be disregarded.

The remainder of Defendants objections - which the court will address in the order in which they appear in the response - are discussed below and found to be without merit. Notably, Defendant does not dispute that the present action may involve substantial discovery of confidential, proprietary, and personal information [R. 18]. Nor does Defendants' memorandum contest the efficiency which would be encouraged by the issuance of the proposed order.

First, good cause exists for the issuance of the protective order proposed by Plaintiff. Disclosure of sensitive internal memoranda, manuals, procedures, and other materials intended only for use only by Transamerica's agents and not intended for distribution would be unjust and detrimental to the company. Defendant's citations on this point are largely irrelevant and do not support a cognizable argument against the issuance of a protective order.

Furthermore, the public interest in the discovery material in issue is minimal, if any. The implication is clear: without a protective order, any materials obtained throughout the discovery process (trade secrets, proprietary information, Defendant Nancy Moore's own medical records, among others) may be used by a party for any purpose, including unnecessary distribution to the public. The litigants to this action are private parties and the public at large has no interest in their disclosures.

Moreover, neither of the parties is burdened by the issuance of the proposed order. As articulated by the Plaintiff, the burden of filing a motion with the court if the parties are unable to agree on a 'confidential' designation is minimal. This is not a ground for denying Plaintiff's motion.

Likewise, Plaintiff's proposed protective order is not overly broad as alleged by Defendants. The proposed order specifically limits the type of confidential material to "trade secrets, research,

development, strategic planning, financial, commercial, confidential, sensitive or proprietary business, or personal information" which the parties are to designate in good faith [R. 16]. Although Plaintiff does not specifically name each document it would propose to shield through the use of the order, this kind of designation is sufficient under the law.[3]

Finally, Plaintiff's success in obtaining protective orders in other suits is in no way relevant to this litigation or the protective order Plaintiff sought in this litigation. Likewise, discovery disputes over other privileged information do not support or preclude the issuance of a protective order in this case. Any argument to the contrary is without merit.

## CONCLUSION

For the reasons stated above and in the Plaintiff's motion, it is ORDERED that Plaintiff Transamerica's Motion for a Protective Order is GRANTED and the PROTECTIVE ORDER PROPOSED BY PLAINTIFF be ADOPTED IN FULL.

Signed January 12, 2011.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge

---

[3] Mistakenly, Defendants also argue that in order to justify a protective order, the court must "(1) satisf[y] himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the records are trade secrets and (2) makes explicit that either party . . . can challenge the secreting of particular documents." [R. 18, p. 7] (citing Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 946 (7th Cir. 1999)). As noted previously, Fed. R. Civ. P. 26(c) allows a district court "to protect, in addition to trade secrets, other types of confidential commercial information, research or development." R.C. Olmstead, Inc., v. CU Interface, LLC, 606 F.3d 262, 269 (6th Cir. 2010); FRCP 26(c)(1)(G). In fact, neither the rule nor the relevant case law require a finding of a trade secret to justify a protective order.